# WILLIAMSON COUNTY LOCAL RULES     1:21-cv-318

## C. PRE-TRIAL PROCEDURES

C-2 SCHEDULING. At the time of filing in each non-family civil case, the Clerk will provide the plaintiff a copy of the following rules relating to pre-trial scheduling to be served with the petition. They are as follows:

a) Any additional parties to be joined within 90 days from the date answered filed.

b) Plaintiff's expert witnesses to be designated within 120 days from the date answer is filed. Defendant's expert witnesses shall be designated within 150 days from the date answer is filed.

c) Discovery shall be completed within 180 days from the date answer is filed.

d) Motions for summary judgment to be filed within 210 days from the date answer is filed.

e) A settlement conference must be held with the two parties present within 250 days from the date of answer.

f) A pre-trial statement setting forth unresolved issues, proposed jury charges, and stipulations and all matters to be considered in Rule 166 pre-trial conference shall be filed no later than 270 days from the date of answer. If the parties are unable to agree on a joint pre-trial statement then separate submission is required.

*NOTE A copy of this rule will be attached to citations issued by the Clerk.

EXHIBIT A

No. 21-0387-C368 _____

| | | |
|---|---|---|
| MCKEOWN INTERNATIONAL, INC.<br>Plaintiff | § § § § § § § § § | IN THE DISTRICT COURT OF<br>Williamson County - 368th Judicial District Court<br><br>WILLIAMSON COUNTY, TEXAS<br><br><br>_____ JUDICIAL DISTRICT |
| v. | | |
| GREAT AMERICAN E&S INSURANCE COMPANY,<br>Defendant | | |

## Plaintiff's Original Petition

TO THE HONORABLE COURT:

McKeown International, Inc. ("McKeown") Plaintiff, respectfully files this original petition complaining of Great American E&S Insurance Company, ("Great American") and would show:

### I. Discovery Control Plan, Level 2

Pursuant to Texas Rule of Civil Procedure 190.3, this case is governed by Discovery Control Plan, Level 2.

### II. Nature of the Case

McKeown's claim arises from Great American's wrongful denial of a defense and indemnity obligations under a policy of insurance that it issued to Plaintiff. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that it seeks damages within the jurisdictional limits of this court, specifically monetary relief more than $250,000.00 but less than $1,000,000.00.

### III. Parties

Plaintiff is a corporation doing business in Texas and with its primary place of business in Texas in Round Rock, Williamson County.

Defendant, Great American E&S Insurance Company, is a foreign insurance company authorized to do business in Texas and but does not have a registered agent, and can be served via certified mail at Carl H. Linder III, Great American Insurance Group Tower, Property & Casualty Group, 301 E Fourth Street, Cincinnati, OH 45202.

## IV. Venue

Venue is proper in Williamson County because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Williamson County. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

## V. Conditions Precedent

All conditions precedent to recovery have been met or have occurred.

## VI. Facts of the Case

McKeown sought and acquired general liability insurance through Great American in February of 2016. McKeown had a contract with Republic Steel of Canton, Ohio ("Republic Steel"). In October of 2017 Republic Steel claimed that due to a late delivery for a piece of casting equipment needed to repair a machine, Republic Steel had to shut down causing loss of production.

On or about November 13, 2017 McKeown filed a claim with Great American seeking coverage for defense and indemnity obligations. In December of 2018, Republic Steel filed suit against McKeown in federal court for breach of contract. Great American denied coverage and refused to provide a defense for Plaintiff in the lawsuit based upon various exclusions in their

policy, while also claiming issues were based on warranty and other product performance issues. Republic further claimed that the items supplied by McKeown caused damage to its property during operation.

## VII. First Cause of Action: Breach of Contract

Great American's actions amount to a breach of contract between McKeown and Great American. McKeown applied for and was accepted for insurance coverage by Defendant. McKeown paid the required premiums, entering into a binding contract for insurance with Great American. Great American breached the contract by denying Plaintiff's claim for insurance coverage and defense in the above-referenced lawsuit. Plaintiff is entitled to recover its actual damages, court costs and reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code, Section 38.001, et seq.

## VIII. Second Cause of Action: Texas Insurance Code

Defendant's actions also amount to a violation of Texas Insurance Code, Sections 542.051-061.

Great American's denial of McKeown's claims amounts to violations of Texas Insurance Code Sections 541 and 542. Specifically, Great American violated section 541.051 by making misrepresentations about the terms of the policy; 541.060(1) by misrepresenting a policy provision relating to coverage; 541.060(2) by failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which its liability has become reasonably clear; 541.060(3) by failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer

of a compromise settlement of a claim; 541.060(7) by refusing to pay a claim without conducting a reasonable investigation with respect to the claim; 541.061 by misrepresenting the policy by making an untrue statement of material fact, failing to state a material fact necessary to make other statements made not misleading, making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact and by making a material misrepresentation of law.

As such, Plaintiff is entitled to 18% per annum in addition to the amount of its claim, plus attorneys' fees. Defendant has also acted knowingly, and as a result, Plaintiff is entitled to recover an amount not to exceed three times the amount of its actual damages. Tex. Ins. Code §542.152(b).

## IX. Prayer

Plaintiff prays that upon final trial of this case it have judgment against Defendant for actual damages, additional damages, the 18% penalty pursuant to the Texas Insurance Code, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest, and such other relief to which Plaintiffs may show itself justly entitled.

Respectfully submitted,

_/s/Jon Smith_
JON MICHAEL SMITH
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone:   (512) 371-1006
Facsimile:   (512) 476-6685
jon@jonmichaelsmith.com

4

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jon Smith on behalf of Jon Smith
Bar No. 18630750
jon@jonmichaelsmith.com
Envelope ID: 51606827
Status as of 3/18/2021 2:17 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jon MSmith | | jon@jonmichaelsmith.com | 3/18/2021 2:05:50 PM | SENT |
| Caitlyn Freitag | | caitlyn@jonmichaelsmith.com | 3/18/2021 2:05:50 PM | SENT |